# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ANGELA LEWIS,                                                                                    PETITIONER
ADC #709315

V.                              5:09-cv-00308-JMM-JJV

LARRY NORRIS, Director,                                                                    RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

    Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241 of Angela Lewis, an inmate at the McPherson Unit of the Arkansas Department of Correction (ADC).

## I.   BACKGROUND

On January 31, 2007, a Pulaski County, Arkansas jury convicted Lewis of kidnapping, first degree battery, first degree battery in the presence of a child, and fleeing from the county jail. (Doc. No. 28, p. 383-84). The jury sentenced Lewis to 25 years for kidnapping, 20 years for first degree battery, five years for first degree battery in the presence of a child, and 30 days for fleeing. (*Id.*). The jury also recommended that the sentences run consecutively. (*Id.* at 384).

The judge imposed the sentences to run consecutively, and the Judgement and Commitment Order included the following addendum: "Defendant must serve 60 months at 100% with no early release or good time; she must serve 300 months at 70% with no early release or good time, and she must serve 240 months at one half time minus good time; therefore, she must serve a minimum of 330 months before being eligible for transfer." (Doc. No. 16-3, Ex. A).

Lewis filed a direct appeal to the Arkansas Court of Appeals, arguing that the trial court erred in denying her motions for directed verdict and in enhancing her sentence for first degree battery because it was committed in the presence of a child. (Doc. No.16-4, Ex. B, p. 1). The court affirmed Lewis's conviction on December 12, 2007. (*Id*. at pp. 1-9). The mandate affirming the judgment was issued on January 2, 2008. (Doc. No. 16-5, Ex. C).

On January 2, 2008, Lewis filed a Petition for Reduction of Sentence pursuant to ARK. CODE ANN. § 16-90-111. (Doc. No. 16-7, Ex. E1).[1] The circuit court denied Lewis's motion on January 10, 2008. (Doc. No. 16-8, Ex. E2). Lewis subsequently filed a Rule 37 petition on March 6, 2008. (Doc. No. 16-9, Ex. F). Lewis filed another Rule 37 petition on October 17, 2008.[2,3] On November 11, 2008, the circuit court denied the October 17, 2008, Rule 37 petition as untimely. (Doc. No. 16-10, Ex. G).[4]

Lewis then filed a state habeas corpus petition on February 6, 2009.[5] (Doc. No. 16-11, Ex. H1). This petition was denied on March 19, 2009, for failure to state any grounds upon which relief

---

[1] The Respondent argues this is actually a Rule 37 petition because the specific statute relied on by Lewis – ARK. CODE ANN. § 16-90-111 – has been superceded by Rule 37 of the Arkansas Rules of Criminal Procedure and should be considered Lewis's first Rule 37 petition. (Doc. No. 16, p. 5).

[2] Due to illegible dates on several of the documents, the Court sought clarification from the Pulaski County Circuit Clerk's Administrative Office of the Court website. The Court takes judicial notice of these public records. *See United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999).

[3] *See* https://arep1.aoc.arkansas.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_ frames?backto=P&case_id=60CR-06-646&begin_date=&end_date=.

[4] It appears Ms. Lewis never received a ruling on her March 6, 2008, Rule 37 petition. Respondent argues it would have been time barred as it was filed past the 60 day time limit in Rule 37. While the Respondent is likely correct, she should have received a ruling. Regardless, that issue is not before the Court.

[5] *See* https://arep1.aoc.arkansas.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_ frames?backto=P&case_id=60CR-06-646&begin_date=&end_date=.

could be granted. (Doc. No. 16-12, Ex. H2). Lewis filed a notice of appeal on May 5, 2009,[6] and then a petition to correct an illegal sentence on May 19, 2009. (Doc. No. 16-13, Ex. H3). On July 17, 2009, the court denied Lewis's second petition to correct an illegal sentence as untimely. (Doc. No.16-14, Ex. H4).

Lewis filed this federal habeas Petition on October 5, 2009. She argues her counsel was ineffective in three ways: (1) for allowing the judge "to impose on sentencing;" (2) for not procuring the attendance of witnesses at the trial and failing to investigate her case; and (3) for counsel's failure to ensure she receive good time credits. (Doc. No. 1, pp. 5-9).

The Respondent replied contending that Ms. Lewis's habeas petition is barred by the statute of limitations. (Doc. No. 16). Alternatively, Ms. Lewis's petition is procedurally defaulted because she failed to properly present her post-conviction claims to the highest state court. (*Id.*).

## II.    ANALYSIS

### A.    Statute of Limitations

The Respondent argues that Ms. Lewis's petition is barred by the statute of limitations. 28 U.S.C. §§ 2241 (d)(1) and (d)(2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[6] While Lewis filed a notice of appeal, there is no evidence in the record that she pursued the appeal to the end. (Doc. No. 16-15, Ex. H5).

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(d)(2).

The relevant triggering date in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes review by the United States Supreme Court, if the petitioner obtained or sought review of the judgment by the State's court of last resort. *Riddle v. Kemna*, 523 F.3d 850, 854-55 (8th Cir. 2008). Ms. Lewis's conviction became final on January 2, 2008, the date the Arkansas Court of Appeals issued its final mandate. *See Parmley v. Norris*, 586 F.3d 1066 (8th Cir. 2009) (finding that the Arkansas Supreme Court, not the Arkansas Court of Appeals, is the "court of last resort," and if a petitioner fails to seek review by the Arkansas Supreme Court, their conviction becomes final when the Arkansas Court of Appeals issues its mandate).

Although Lewis's conviction became final on January 2, 2008, she filed her Petition for Reduction of Sentence pursuant to ARK. CODE ANN. § 16-90-111 that same day.[7] This tolled the running of the limitation period until January 10, 2008, when the circuit court denied her Petition for Reduction of Sentence. Therefore, the Court finds that the limitations period began running on

---

[7] While the Respondent argues that ARK. CODE. ANN. § 16-90-111 has been superceded by Rule 37 of the Arkansas Rules of Criminal Procedure, it appears § 16-90-111 has been superceded only to the extent that it conflicts with the time limitations for postconviction relief under Arkansas Rule of Criminal Procedure Rule 37.1. *State v. Wilmoth*, 369 Ark. 346, 353 (2007).

January 11, 2008.

Lewis filed a Rule 37 petition on March 6, 2008. If her Rule 37 petition was timely filed, it would have tolled the statute of limitations period. However, the Court notes that Ms. Lewis's Rule 37 Petition was untimely filed.[8,9] Ms. Lewis filed a second Rule 37 petition on October 17, 2008, which was dismissed as untimely.

Therefore, the one-year statute of limitations period began running on January 11, 2008, and expired on January 11, 2009. Lewis filed her state habeas corpus action on February 17, 2009. However, this filing did not toll the statute of limitations clock because the clock may not be tolled after it has expired. *Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006). As a result of the foregoing, this Court finds that Lewis's current federal habeas petition was filed on October 5, 2009, after the applicable statute of limitations deadline, and the limitations period was not subject to equitable tolling.

### B.    PROCEDURAL BAR

Even if the Court were to find that Lewis's Petition was timely filed, it is still procedurally defaulted. Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004);

---

[8]Arkansas Rule of Criminal Procedure 37.2(c) provides in part: "If an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate was issued by the appellate court." The Mandate was handed down on January 2, 2008.

[9]Although Lewis never received a ruling from the circuit court on her petition, it was untimely and did not toll the statute of limitations period. *See Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2241(d)(2) . . . a petition filed after a time limit, which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception").

*See* 28 U.S.C. §2254(b)(stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). This exhaustion requirement is in place to afford the state courts the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation")(citations omitted).

A claim is considered exhausted only when the claimant has afforded the "highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993). Claims in a federal habeas petition that were not exhausted in state court and for which there is no remaining state court remedy are procedurally defaulted. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006). A federal habeas petitioner's claims must rely on the "same factual and legal bases" relied on in state court. *Id.*

Where a procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, (2) or that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If the petitioner cannot show cause, the prejudice element need not be addressed. *McClesky v. Zant*, 499 U.S. 467, 502 (1991).

The existence of cause "must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). At a minimum, a petitioner must show that something

"external to [her], something that cannot be fairly attributed to [her]," caused the procedural default. *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999)(quoting *Coleman v. Thompson*, 501 U.S. at 753).

While a trial counsel's ineffectiveness for failing to preserve a claim for review may constitute cause to lift a procedural bar, a habeas petitioner cannot rely upon such ineffectiveness as cause where she has not first properly presented the ineffectiveness claim to the state courts. *Edwards v. Carpentar*, 529 U.S. 446, 451-53 (2000)(ineffective assistance of counsel asserted as cause for procedural default of another federal claim can itself be procedurally defaulted); *Leggins v. Lockhart*, 822 F.2d 764, 768 n. 5 (8th Cir. 1987)("A claim of ineffective assistance of counsel must be presented to the state court as an independent claim before it may be used to establish cause for procedural default or denominated as a ground for habeas relief").

### 1. Claim One: Counsel was ineffective for not objecting to her sentence.

In her Petition for Reduction of Sentence, Lewis argued she was entitled to a sentence reduction because she committed the crime under duress. (Doc. No. 16-7, Ex. E1). In her first Rule 37 Petition filed on March 6, 2008, Lewis argued: (1) she was denied a fair and impartial trial because the judge denied meritorious good time credit, (2) she was mentally incompetent, and (3) her confession was coerced. (Doc. No. 16-9, Ex. F). In neither petition did she raise the claim that her counsel was ineffective for not objecting to the terms of her sentence. While it does not appear the court ever specifically ruled on Ms. Lewis's March 6, 2008, Rule 37 petition, it was filed untimely.

Because Ms. Lewis's claim was procedurally defaulted in state court, this Court must look at the cause for default and whether it can be attributed to someone other than herself. The Court finds Ms. Lewis cannot establish cause. Ms. Lewis argues she did not know her sentence was

improper until she received the Court of Appeals' Opinion which addressed the sentencing issue in a footnote.[10] Thus, it appears Ms. Lewis was aware of the decision and simply did not appeal it in state court. The Court of Appeals' opinion containing the footnote was handed down on December 12, 2007. Three weeks later, on January 2, 2008, Ms. Lewis filed her Petition for Reduction of Sentence and did not allege her counsel was ineffective for failing to object to any issues regarding the imposition of her sentence. The next day the circuit court denied her petition. Thereafter, she had an additional 30 days to either appeal or ask to file a successive petition. Ms. Lewis did neither.

Even if Ms. Lewis could establish cause, the Court finds she cannot establish prejudice. Regarding her kidnapping conviction, the circuit judge imposed a sentence of 300 months in the ADC and ordered that, pursuant to Act 1326 of 1995, Ms. Lewis must serve 70% of that sentence with no early release or good time. (Doc. No. 16-3, Ex. A). This sentence comports with both the jury's sentence and the Arkansas Statutes.[11] For the Battery in the First Degree conviction, the judge ordered Ms. Lewis to serve 240 months. He ordered that Ms. Lewis must serve the 240 months at

---

[10]The footnote stated:

We note that at the end of the judgment and commitment order, the trial judge added, "Defendant must serve 60 months at 100% with no early release or good time, she must serve 300 months at 70% with no early release or good time, and she must serve 240 months at one half-time minus good time; therefore, she must serve a minimum of 330 months before being eligible for transfer." While we question the trial court's authority to impose such parameters, *see* Arkansas Code Annotated section 12-29-201(Repl.2003) and *Upton v. State,* 68 Ark.App. 84, 4 S.W.3d 510 (1999), we express no opinion on this issue as it was not raised on appeal.

*Lewis v. State*, 2007 WL 4327783, 1 (Ark. App., 2007).

[11]ARK CODE ANN. § 16-93-611(a)(1) (1987) requires that any person convicted of kidnapping, a Class Y felony under § 5-11-102, "shall not be eligible for parole or community punishment transfer . . . until the person serves seventy percent (70%) of the term of imprisonment to which the person is sentenced." The statute further provides that "[i]n no event shall the awarding of meritorious good time under § 12-29-201 or § 12-29-202 be applicable to persons sentenced" for a Class Y felony kidnapping conviction. ARK. CODE ANN.§ 16-93-611(d) (1987).

one half time minus good time. This 240 month sentence was enhanced by 60 months under § 5-4-702 because it was in the presence of a child. The judge ordered Lewis to serve 60 months at 100% with no early release or good time credit. Again, this sentence follows the jury's recommendation and the statutory language.[12] Because the judge imposed the sentence recommended by the jury and followed the statutory language as set forth in the Arkansas Code, Ms. Lewis was not prejudiced.

> **2. Claim Two: Counsel was ineffective for not investigating her case, procuring the attendance of witnesses, and introducing certain evidence at the trial.**

Ms. Lewis failed to raise in state court the claim that her counsel was ineffective for failing to investigate her case, produce certain witness, and introduce certain evidence at her trial. She fails to establish any cause whatsoever for her failure to raise this claim and therefore this Court does not have jurisdiction to consider her claim.

> **3. Claim Three: Counsel was ineffective for his failure to ensure she would receive good time credits.**

In Ms. Lewis's Petition for Reduction of Sentence and her Rule 37 petition,[13] she never raises the argument that her counsel was ineffective for failing to ensure that she receive good time credits. Because she did not raise it as an independent claim, her counsel's alleged ineffectiveness cannot constitute cause so as to move to the next step of overcoming procedural default.

Nevertheless, even if Ms. Lewis were to establish cause, the circuit judge simply limited the right to earn good time credits as set out in the Arkansas statutes.[14] *See supra Claim One*. The judge

---

[12]ARK. CODE ANN. § 5-4-702(e) (1987) provides that "[a]ny person convicted under this section is not eligible for early release on parole or community correction transfer for the enhanced portion of the sentence.

[13]Doc. No. 16-7, 16-9; Exs. E1, F.

[14]ARK. CODE ANN. § 16-93-611(d) (1987): "In no event shall the awarding of meritorious good time under § 12-29-201 or § 12-29-202 be applicable to persons sentenced" for a Class Y

did not limit the right to earn good time credits under statutes that did not strictly prohibit the earning of good time credit.[15]

Moreover, even if the circuit court improperly denied Ms. Lewis the right to earn good time credit, this does not rise to a constitutional violation. This Court may only issue a writ of habeas corpus when a conviction violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2241, 2254. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Therefore, whether the ADC or the state courts have properly interpreted state laws regarding computation of parole or transfer eligibility does not, without more, give rise to a constitutional violation. *Garner v. Howell*, 840 F.2d 616, 617 (8th Cir. 1998).

A convicted person has no federal constitutional or inherent right in the possibility of future parole or conditional release before the expiration of a valid sentence or in the determination of a specific parole eligibility date. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). A liberty interest does not arise from state law "unless the state statute or regulation involved uses mandatory language and imposes substantive limits on the discretion of state officials." *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 42 (2008).

The Arkansas statutes do not create a protectable liberty interest in the calculation of a specific transfer or parole eligibility date. Furthermore, under ARK. CODE ANN. § 12-29-201(a) "[a]n inmate **may** be entitled to meritorious good time credit reducing his or her transfer eligibilty

---

felony kidnapping conviction. § 16-93-611(d). ARK. CODE ANN. § 5-4-702(e) (1987) provides that "[a]ny person convicted under this section is not eligible for early release on parole or community correction transfer for the enhanced portion of the sentence.

[15]The circuit judge ordered that Ms. Lewis must serve 240 months of the first degree battery conviction at one half time minus good time.

date . . ." However, this "[m]eritorious good time will not be applied to reduce the length of a sentence." ARK. CODE ANN. § 12-29-201(d) (2003). Because Lewis does not have a liberty interest in the accrual of good time credit, she cannot establish a constitutional violation.

### 4.     Actual Innocence

A federal habeas petitioner who has procedurally defaulted may proceed if she establishes she is actually innocent. *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). To do so, she must show (1) new and *reliable* evidence that was not presented to the state courts, and (2) that in light of the new evidence it is more likely than not that no reasonable juror would have convicted her. *Id.*(emphasis added). The "actual innocence gateway is very limited." *Id*. "Few petitioners are within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Id*.

Ms. Lewis does not argue she is actually innocent of the charges and therefore does not invoke the miscarriage of justice exception. In fact, Ms. Lewis admitted at trial that she participated in the charged crimes, but did so under duress. (Doc. No. 28, pp. 250-291). However, "the miscarriage of justice exception requires prisoners to present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Turnage v. Fabian*, 606 F.3d 933, 941 (8th Cir. 2010)(quoting *Schulp v. Delo*, 513 U.S. 298, 316 (1995). The evidence introduced at trial, including Ms. Lewis's taped confession, allows for an overwhelmingly strong conclusion that Ms. Lewis is not innocent of the charges.

## III.    CONCLUSION

As a result of the foregoing, this Court finds that the Petition was filed after the applicable statute of limitations deadline and this Court is without jurisdiction to consider Ms. Lewis's Petition because it is procedurally barred.

Furthermore, pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which Ms. Lewis has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends that a certificate of appealability should be denied.

IT IS THEREFORE RECOMMENDED that:

1. Ms. Lewis's § 2254 petition (Doc. No. 1) should be DISMISSED with prejudice, and the requested relief be DENIED;

2. A certificate of appealability should be denied.

DATED this 15th day of September, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE